JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ALEXIS M. HERMAN, Secretary of Labor,
United States Department of Labor,

## DEFENDANTS
DANIEL LOPEZ, individually

B-00-157

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Willacy
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Suzanne F. Dunne, Esq.
U.S. Department of Labor/SOL
525 S. Griffin St., Suite 501
Dallas, TX 75202    214/767-4902, ext. 121

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
To enjoin defendant from violating the provisions of Sections 6,11(c),15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.§201,et seq., hereinafter referred to as the Act and to further enjoin defendant from violating the provision of the Migrant and Seasonal Agricultural Worker Protection Act.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 9/25/00

SIGNATURE OF ATTORNEY OF RECORD
Suzanne F. Dunne  /s/ Suzanne Dunne

FOR OFFICE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
RECEIVED

OCT - 6 2000

Michael N. Milby, Clerk of Court

ALEXIS M. HERMAN, Secretary of
Labor, United States Department of
Labor,

        Plaintiff,

v.

DANIEL LOPEZ,
individually,

        Defendant.

CIVIL ACTION

No. B-00-157

## COMPLAINT

Plaintiff, Alexis M. Herman, Secretary of Labor, United States Department of Labor, brings this action to enjoin the defendant Daniel Lopez from violating the provisions of sections 6, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq., hereinafter referred to as the FLSA and to further enjoin the defendant Daniel Lopez from violating the provisions of the Migrant and Seasonal Agricultural Worker Protection Act, as amended, 29 U.S.C. § 1801, et seq., hereinafter referred to as the MSPA, pursuant to Section 502 of the MSPA.

I.

This court has jurisdiction over this action pursuant to section 17 of the FLSA, 29 U.S.C. § 217, and section 502 of the MSPA, 29 U.S.C.§ 1852.

II.

Defendant, Daniel Lopez, is a resident of Raymondville, Willacy County, Texas, within the jurisdiction of this Court.

III.

At all times hereinafter mentioned, Daniel Lopez has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Daniel Lopez has been, through unified operation or common control, engaged in the performance of related activities for a common business purpose.

IV.

At all times hereinafter mentioned, Daniel Lopez is and has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that he has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that he has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

V.

At all times hereinafter mentioned, Daniel Lopez employed and is now employing, a number of employees engaged in planting and harvesting fruits and vegetables for transportation and sale outside of the State of Texas. By reason of these activities, such employees

have been and are, engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

VI.

At all times hereinafter mentioned, defendant Daniel Lopez, has been a farm labor contractor ("FLC") within the meaning and definition of Section 3(7) of the MSPA (29 U.S.C. § 1802(7)).

VII.

During the period since May, 1999, defendant Daniel Lopez has violated is violating the provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by paying employees engaged in commerce or in the production of good for commerce and/or in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, at rates less than the minimum hourly rates required by Section 6 of the FLSA.

VIII.

During the period since May, 1999, defendant Daniel Lopez violated the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), in that defendant Daniel Lopez has failed to make, keep and preserve adequate and accurate records of his employees and of the wages, hours, and other conditions and practices of employment maintained by him as prescribed by the regulations of the Administrator issued pursuant to Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), and found in Title 29, Chapter VI, Code of Federal Regulations, Part 516 in that his records fail to show, among other things, the hours worked each day and the total hours worked each workweek by many of his employees.

3

## IX.

During the period of 1989 through the present, Defendant has committed numerous violations of the MSPA while working as a FLC. The violations include:

1. Defendant violated Section 101(a) by engaging in a farm labor contracting activity without a certificate of registration from the Secretary of Labor;

2. Defendant violated Section 101(b) by failing to register his employees;

3. Defendant violated Section 103(a)(4) by failing to comply with a final order of the Secretary of Labor;

4. Defendant violated Section 201(a) by failing to disclose to migrant agricultural workers in writing the employment conditions required by this section;

5. Defendant violated Section 201(d)(1) by failing to make and keep employer records of migrant agricultural workers;

6. Defendant violated Section 201(d)(2) by failing to provide wage statements to migrant agricultural workers;

7. Defendant violated Section 201(e) by failing to provide records for migrant agricultural workers;

8. Defendant violated Section 202(a) by failing to pay wages when due to migrant agricultural workers;

9. Defendant violated Section 301(a) by failing to disclose to seasonal agricultural workers in writing when requested the employment conditions required by this section;

10. Defendant violated Section 301(c)(1) by failing to make and keep employer records of seasonal agricultural workers;

4

11. Defendant violated Section 301(c)(2) by failing to provide wage statements to seasonal agricultural workers;

12. Defendant violated Section 301(d) by failing to provide records for seasonal agricultural workers;

13. Defendant violated Section 302(a) by failing to pay wages to seasonal agricultural workers when due;

14. Defendant violated Section 410(b)(1)(B) by failing to assure that his drivers had a valid license; and

15. Defendant violated Section 410(b)(1)(C) by failing to obtain auto insurance coverage.

X.

Defendant Daniel Lopez has violated the FLSA and the MSPA. A judgment enjoining the alleged violations is specifically authorized by Section 17 of the FLSA, 29 U.S.C. § 217 and Section 502 of the MSPA, 29 U.S.C. § 1801.

WHEREFORE, cause having been shown, plaintiff prays for judgment against defendant Daniel Lopez as follows:

1. For an Order granting an Injunction pursuant to Section 17 of the FLSA permanently enjoining and restraining Defendant Daniel Lopez, his agents, servants, employees, and those persons in active concert or participation with him from violating sections 6, 11(c), 15(a)(2) and 15(a)(5) of the FLSA; and

5

2. A judgment permanently enjoining the Defendant Daniel Lopez, his agents, servants, employees, and those persons in active concert or participation with him from violating the provisions of the Migrant and Seasonal Agricultural Worker Protection Act (29 U.S.C. 1801-1972);

3. For an order awarding plaintiff the costs of this action; and

4. For an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

HENRY L. SOLANO
Solicitor of Labor

WILLIAM E. EVERHEART
Regional Solicitor

ADDRESS:

MARGARET TERRY CRANFORD
Counsel for Wage and Hour

Office of the Solicitor
U. S. Department of Labor
525 Griffin Street, Suite 501
Dallas, Texas 75202

By:

Telephone: 214/767-4902

SUZANNE F. DUNNE
Attorney
TX Bar No. 24002024

Attorneys for Plaintiff.

RSOL Case No. 00-00176

6

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of Texas

ALEXIS M. HERMAN, Secretary of Labor
United States Department of Labor,
          V.
DANIEL LOPEZ,
 individually

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **B - 00 - 157**

TO: (Name and address of Defendant)

Daniel Lopez
505 E. Rodriquez
Raymonville, Texas 78580

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Suzanne F. Dunne, Esq.
U.S. Department of Labor/SOL
525 S. Griffin Street, Suite 501
Dallas, Texas 75202
214/767-4902, ext. 121

an answer to the complaint which is herewith served upon you, within ____twenty (20)____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N Milby, Clerk          10-6-00

CLERK          DATE

(By) DEPUTY CLERK