8

United States District Court
Southern District of Texas
ENTERED

APR 0 9 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

---

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, : : : : Plaintiff, : : v. : : DANIEL LOPEZ, : individually, : : Defendant. : | CIVIL ACTION<br><br>No. B-00-157 |

## JUDGMENT BY DEFAULT

Plaintiff's Motion for Judgment by Default came on for consideration. It appears to the Court that on October 6, 2000, this civil action was commenced; that on December 28, 2000, the Defendant, Daniel Lopez, Individually, were served with a copy of the summons and complaint; that Defendant has not answered, appeared or raised any defenses to the allegations in the complaint; that on March 6, 2001, the Clerk of the Court entered default against the Defendant pursuant to Rule 55 of the Federal Rules of Civil Procedure; and that Defendant has not moved pursuant to Rule 55(c) to set aside for good cause shown the entry of default against it. It is therefore:

**ORDERED, ADJUDGED and DECREED** that Defendant, Daniel Lopez, Individually, his officers, agents, servants, employees and all persons in active concert or participation with him be and they hereby are permanently enjoined and restrained from violating the provisions of

§§ 6, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the FLSA, in any of the following manners:

Defendant, Daniel Lopez, Individually, shall not, contrary to §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2) employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, at rates less than the hourly rates required by Section 6 of the FLSA.

Defendant, Daniel Lopez, Individually, shall not, contrary to §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5) fail to make, keep and preserve adequate and accurate records of his employees and of the wages, hours, and other conditions and practices of employment maintained by him as required by Section 11(c) of the FLSA.

It is further **ORDERED, ADJUDGED and DECREED** that Defendant, Daniel Lopez, Individually, his officers, agents, servants, employees and all persons in active concert or participation with him be and they hereby are permanently enjoined and restrained from violating the provisions of the Migrant and Seasonal Workers Protection Act, 29 U.S.C. § 1801, et seq, hereinafter referred to as the MSPA.

It is further **ORDERED, ADJUDGED, and DECREED** that the instant action is deemed to cover the period from May 1, 1999 through the date of this order The parties therefore agree that the filing of this complaint and consent judgment shall not be interpreted so as to prejudice or preclude the legal rights of the Secretary of Labor or of any employees of Defendant, Daniel Lopez, Individually, in any action arising under the FLSA or the MSPA

2

covering violations alleged to have occurred after the date of this Order.

It is further **ORDERED, ADJUDGED, and DECREED** that the costs of this action be, and the same hereby are, taxed against Defendant, Daniel Lopez, Individually, for which execution may issue.

Dated this 6th day of April, 2001.

_____
United States District Court Judge

3